UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO TORRES FELIX,<br><br>Defendant. | Case No. 14-CV-00408-RMW<br><br>Related to CR-07-00106-RMW-2<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Re Dkt. Nos. 195 and 204] |

Defendant Francisco Torres Felix ("Felix") moves under 28 U.S.C. § 2255 to set aside his conviction on the basis that (1) his sentence was imposed in violation of the right to speedy trial and (2) he was deprived of effective assistance of counsel. Because Felix's motion is untimely and lacks merit, the court DENIES the motion.

**I. BACKGROUND**

In February 2007, Felix was indicted on various gun and drug charges. Dkt. No. 11.[1] On May 18, 2009, the day his trial was scheduled to begin, Felix pleaded guilty to all charges. Dkt. No. 103. The court sentenced Felix to 180 months imprisonment. Dkt. No. 135. Felix filed a direct appeal in November 2009. Dkt. No. 138. The Ninth Circuit affirmed the judgment on March 4,

---

[1] All docket numbers refer to the criminal docket, CR-07-00106.

2011. *See United States v. Torres Felix*, 418 F. Appx. 632, 2011 WL 760002 (9th Cir. 2011) (unpublished). The mandate issued March 30, 2011, and his conviction became final on June 2, 2011. *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000) (conviction becomes final when the time for filing a petition for writ of certiorari elapses).

Felix filed a prior "Motion to Reduce Sentence" on February 27, 2012, which the court denied. Dkt. Nos. 186, 189. The court treated this motion as a 28 U.S.C. § 2255 motion, but did not alert Felix that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions. *Castro v. United States*, 124 S.Ct. 786, 789 (2003); *United States v. Seesing*, 234 F.3d 456, 462-64 (9th Cir. 2001). Accordingly, the current § 2255 motion is not subject to § 2255's "second or successive" provision. *Id*.

## II. ANALYSIS

### A. Timeliness

Felix's current motion was filed more than one year after his conviction became final. *See* Dkt. No. 185 (USCA Mandate) and Dkt. No. 195 (§ 2255 Motion). However, the statute of limitations in § 2255 is subject to equitable tolling. *See, e.g., United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004).

To establish equitable tolling for § 2255 motion, Felix must establish that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Felix alleges that his motion was delayed because he was not informed of the one-year limitation by his appellate counsel, he is not able to read and write in English or Spanish, and it took over a year to obtain the records in his case and develop his arguments. Dkt. No. 195 at 15-16. Even assuming that Felix was diligently pursuing his rights, none of his circumstances qualifies as exceptional.

Felix relies primarily on his inability to obtain records from the court. Dkt. No. 202 at 2-3. The request for records was not filed until after the § 2255 deadline has passed. Dkt. No. 190 (letter requesting documents dated October 26, 2012). Because the records had not even been requested at the time the deadline passed, the lack of records could not be the "cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2002) (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th

Cir. 2003) (internal quotation marks and citation omitted)); *United States v. Valenzuela-Chairez*, 225 F.3d 665 (9th Cir. 2000) (Affirming denial of § 2255 motion as untimely, and concluding "Valenzuela-Chairez has failed to explain either why he waited two years after his conviction became final to request his trial transcripts or why he needed these materials in order to file a timely section 2255 motion.").

Second, Felix's lack of legal knowledge and illiteracy are not exceptional circumstances. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Valenzuela-Chairez*, 225 F.3d at 665 ("The district court properly concluded that Valenzuela-Chairez's language difficulties and alleged inability to obtain trial transcripts and other materials from his former attorneys did not make it "impossible" for Valenzuela-Chairez to timely file his section 2255 motion."); *United States v. Hernandez*, No. 07-CV-2355 J, 2009 WL 1178664, at *4 (S.D. Cal. May 1, 2009) ("Petitioner's lack of legal knowledge or English language fluency are difficult obstacles no doubt, but they are not extraordinary circumstances entirely beyond her control.").

Because Felix has not shown "extraordinary circumstances beyond his control existed which made it impossible for him to file a timely section [2255] petition," *Valenzuela-Chairez*, 225 F.3d at 665, the court denies the § 2255 petition as untimely.

**B. Felix's Claims Are Waived And Procedurally Defaulted**

Even if Felix's petition were timely filed, his speedy claim has been procedurally defaulted by his failure to the raise the claim in his direct appeal. *Bousley v. United States*, 523 U.S. 614, 622 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *United States v. Braswell*, 501 F.3d 1147, 1149 - 1150 (9th Cir. 2007).

Felix cannot demonstrate cause or prejudice. [2] Felix attempts to meet these requirements by arguing that his counsel was constitutionally ineffective within the meaning of *Strickland v.*

---

[2] Felix does not argue that his is actually innocent.

ORDER
Case No. 14-CV-00408-RMW
LM

- 3 -

*Washington*, 466 U.S. 668 (1984), when they failed to raise the issue in his direct appeal. Felix argues that his attorneys were constitutionally ineffective because they stipulated to numerous time exclusions and did not file a suppression motion relating to certain evidence. As explained below, neither argument has merit, so Felix was not prejudiced by the failure to raise these issues on direct appeal.

Second, his speedy trial and evidentiary arguments were waived when he pled guilty. "An unconditional guilty plea waives all nonjurisdictional, antecedent defects" including Speedy Trial Act claims and claims under the Sixth Amendment. *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012); *United States v. O'Donnell*, 539 F. 2d 1233, 1236–36 (9th Cir. 1976), superseded on other grounds as recognized by *United States v. Smith*, 60 F.3d 595 (9th Cir. 1995). Felix's guilty plea also waived his claims relating to his suppression of evidence arguments. *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005).

### C. Ineffective Assistance of Counsel and Speedy Trial Rights

To maintain a claim of ineffective assistance of counsel, Felix must show that his defense counsel's performance was "objectively unreasonable." *See Strickland*, 466 U.S. at 688. Felix has the burden of showing that (1) his defense counsel's performance was deficient, and that (2) this deficient performance prejudiced his defense and deprived him of a fair trial. *Id*. at 687; *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir. 2003).

Felix argues that his attorneys were ineffective in stipulating to various extensions of time and in failing to bring a suppression motion.

The stipulated exclusions of time were each justified by the defense attorneys' need receive and review discovery, investigate the case and effectively prepare for trial. *See, e.g.,* Dkt. No. 15 (excluded from March 19, 2007, to April 23, 2007, because "[t]he defense needed time to review the discovery."); Dkt. No. 16 (excluded from April 23, 2007, to May 14, 2007, because "[t]he defense needed time to review the discovery."); Dkt. No. 17 (excluded from May 14, 2007, to June 25, 2007, because "[t]he defendants need to request additional discovery."). Different attorneys represented Felix during the course of his prosecution, and each needed additional time for preparation. As the extensions of time were stipulated to and justified by defense counsels' need to

prepare, stipulations to extensions of time did not violate Felix's speedy trial rights under the Speedy Trial Act or the Sixth Amendment, and he did not suffer any prejudice from the extensions.

Regarding the claim that prior counsel should have filed a suppression motion concerning the search of Felix's car, there would have been no basis for this motion. Law enforcement had abundant probable cause to search the car Felix was driving.

Felix also argues that the affidavit supporting the criminal complaint contains inconsistent statements with the superseding indictment, such that "on this basis alone, the reliability of the entire case should be frowned upon, doubted, no longer believed, much less trusted, and openly-mocked at." Dkt. No. 195 at 12. This argument is not persuasive because the superseding indictment was based on evidence found in a later search of Felix's home, not the search of the car supporting the initial complaint. Dkt. Nos. 1 and 89.

Felix fails to show prejudice resulting from either the stipulated exclusion of time or the failure to file the suppression motion. Accordingly, he has not shown that he was denied effective assistance of counsel or denied the right to a speedy trial. *Strickland*, 466 U.S. at 688

### D. "Motion to Raise an Unpleaded Issue"

On September 25, 2014 the court received a letter from petitioner seeking "to raise an upleaded issue and it conform the pleadings to the evidence for suspicious circumstances involving the arrest of the Defendant." Dkt. No. 204. The letter alleges that the criminal complaint is invalid because it was dated both February 9, 2007 and February 10, 2007. Dkt. No. 1. Felix was arrested the night of February 9, 2007. Specifically, the face of the complaint states that it was presented to the Magistrate Judge on February 9, but the affidavit in support of the complaint was not signed until February 10.

The court does not find any basis for maintaining a challenge to the complaint. Felix does not explain how the February 9, 2007 date would render the complaint invalid, or cast on any doubt on the truthfulness of the facts laid out in the supporting affidavit. Additionally, any challenge to the complaint was waived when Felix plead guilty and failed to raise the issue on direct review.

## III.  CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by federal prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in its ruling.  *See* 28 U.S.C. § 2253(c).  For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is denied.

## IV.  ORDER

For the reasons explained above, the court denies the § 2255 motion, the "motion to raise an unpleaded issue," and declines to issue a certificate of appealability.

Dated: January 12, 2015

Ronald M. Whyte
United States District Judge