IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO TORRES FELIX,<br><br>Defendant. | Case No. 07-cr-00106-CW-2<br><br>ORDER DENYING SECOND § 3582 MOTION AND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Dkt. No. 225) |

Movant Francisco Torres Felix, a federal prisoner proceeding without counsel, has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) following Amendment 782 to the United States Sentencing Guidelines and a motion for appointment of counsel. The Court DENIES both motions for the reasons set forth below.

First, § 3582(c)(2) is inapplicable. It states that the Court may modify a term of imprisonment after its imposition "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). The Court's August 13, 2015, Order denying Movant's first § 3582 motion held that "defendant is not eligible for a reduction because his sentence was the statutory mandatory minimum."[1] Docket No. 215. This remains true. The relevant policy

---

[1] Movant was sentenced to fifteen years imprisonment based on six counts, including violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A). A violation of § 841(a)(1) carries a ten-year mandatory minimum sentence if, as here, the defendant's violation involved five or more kilograms of cocaine or its

statement explains that a prisoner cannot avail himself of § 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 app. n. 1(A); see also United States v. Paulk, 569 F.3d 1094, 1095 (9th Cir. 2009) (concluding that defendant is not entitled to a sentence reduction because his sentence was based on the statutory mandatory minimum). Accordingly, the Court DENIES Movant's § 3582(c)(2) motion.

Second, Movant is not entitled to the appointment of counsel in relation to a § 3582(c)(2) motion. See United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996). Nor could counsel assist Movant with his § 3582(c)(2) motion for the reasons above. Accordingly, the Court DENIES Movant's motion for the appointment of counsel.

IT IS SO ORDERED.

Dated: November 28, 2018

CLAUDIA WILKEN
United States District Judge

---

derivatives. See 21 U.S.C. § 841(b)(1)(A). A violation of § 924(c)(1)(A) carries a five-year mandatory minimum sentence that shall run consecutively to a punishment provided under § 841(a)(1). See 18 U.S.C. 924(c)(1)(A)(i). Thus, the collective mandatory minimum sentence for these violations is fifteen years.

2